U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

MAR 04 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| Goodwin | Civil Action No. 6:14-02557 |
| versus | Judge Richard T. Haik, Sr. |
| Union Pacific Railroad Co. | Magistrate Judge C. Michael Hill |

### ORDER

Before the Court is a Petition For Damages filed by plaintiff, Mary Ann Goodwin, alleging injuries resulting from the August 4, 2013 Union Pacific Railroad Company train derailment in Lawtell, Louisiana. *R. 1*. Plaintiff originally filed this action in the Twenty-seventh Judicial District Court, St. Landry Parish, Louisiana. Defendant, Union Pacific Railroad Co., removed this action to this Court, contending that the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold of $75,000. Under 28 U.S.C. § 1332, federal district courts have subject matter jurisdiction over civil actions in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states. The person seeking to invoke federal court jurisdiction has the burden of proof of demonstrating, at the outset of the litigation, that the federal court has authority to hear the case. *St. Paul Reinsurance So., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Therefore, a removing party bears the burden of showing that federal jurisdiction exists. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

The removing defendant must establish that the amount in controversy exceeds $75,000 and the parties are diverse in citizenship. 28 U.S.C. § 1332. Here, the Petition establishes that the parties are diverse in citizenship. Thus, in order to remain in federal court, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880,

882 (5th Cir.2000). Plaintiff alleges, because she resides within one mile of the derailment site, she was directly affected and suffered damages from the toxic chemicals released including "respiratory distress, watery eyes, coughing, sore throat, breathing impairment [and] aggravation of pre-existing condition." *R. 1-1, ¶ 9*. She further avers she suffered fear and fright as a result of the chemical released. *Id. at ¶ 11*. Plaintiff lists the categories of damages she seeks to recover as "past and future: Bodily injury; Physical pain and suffering; Mental anguish and emotional distress; Medical and other related expenses; Aggravation of a pre-existing condition; Loss of enjoyment of life; Inconvenience to her person; Expenses related to evacuation; Fear and fright." *Id. at ¶ 15*. Plaintiff, however, fails to provide any quantification of her damages. Nor does the Petition contain any information concerning whether she sought medical treatment or the nature or cost of any treatment or identify any property damage claim or the value of any such claim. Thus, the Petition does not provide any facts that would permit reasonable estimate of Plaintiff's actual damages to be calculated.

Upon review, it is hardly apparent from the face of Plaintiff's Petition that her claims exceed $75,000.00. The injuries alleged and damages claimed are vaguely stated—amounting to customary categories of damages universally set forth in personal injury actions—and, thus, provide the Court with little guidance as to the actual damages that Plaintiff incurred. "[R]emoval cannot be based simply upon conclusory allegations." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir.2003). The various damages stated in Plaintiff's Petition are too speculative to provide the Court the requisite degree of confidence that the Petition, standing alone, makes out a claim for more than $75,000.00.

Thus, upon sua sponte review of Defendant's removal materials, the Court concludes that it lacks subject matter jurisdiction because Defendant has failed to establish that the

amount in controversy in this matter likely exceeds $75,000.00. Accordingly, as the Court is without subject matter jurisdiction to hear this suit,

**IT IS ORDERED** that the Clerk of this Court is to remand this action to the Twenty-seventh Judicial District Court, St. Landry Parish, Louisiana.

Thus done and signed this 4th day of March, 2015 at Lafayette, Louisiana.

RICHARD T. HAIK, SR.
UNITED STATES DISTRICT JUDGE